No. 676.

JOSIAH MORRIS & CO. vs. REUBEN WHITE.

Defendant is sued for the amount of a promissory note with interest, given for a part of the price of a plantation bought by him, and secured by vendor's privilege and mortgage. The defense is failure of consideration, because a large portion of the land bought by him belongs to another party, and did not belong to the vendor. Defendant further alleges that the note due does not belong to plaintiff, but to the vendor.

Plaintiff acquired the note before maturity; consequently the equities between the original parties, if any exist, can not be pleaded against the *note;* but the mortgage is not *negotiable,* and as to that the equities may be pleaded. But the defendant has been in the peaceable and undisturbed possession of the land since 1871, the date of his purchase, and is not even threatened with eviction. Hence his defense can not prevail.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Looney,* J. *Nutt & Leonard,* for plaintiffs and appellees. *Land & Taylor,* for defendant and appellant.

LUDELING, C. J. The plaintiff sued the defendant on a note for $5650 and interest, given for a part of the price of a plantation bought by the defendant, and secured by vendor's privilege and mortgage.

The defense is failure of consideration; that a large portion of the land bought by him belongs to another party, and did not belong to the vendor; and that the note does not belong to the plaintiff, but to the vendor.

The defendant propounded interrogatories to the plaintiff, who is a resident of Alabama, which were ordered to be answered. In issuing the commission to take these answers the clerk addressed it to any judge or justice of the peace of the State of *Louisiana*, instead of Alabama. The interrogatories were answered and sworn to before a magistrate in the State of Alabama, and were filed in the clerk's office several months before the trial.

On the trial, the defendant moved to take the interrogatories as confessed, or to dismiss the suit. The motion was properly refused. The plaintiff had honestly and categorically answered the interrogatories, and the objection urged to their reception in evidence was purely technical. In depriving the plaintiff the use of the answers, the judge *a quo* did all that justice or the strictest rules of practice would exact.

The evidence shows that the plaintiff acquired the notes before maturity, consequently the equities between the original parties, if any exist, can not be pleaded in this suit against the *note*, but the mortgage is not *negotiable*, and as to that the equities may be pleaded. But the evidence shows that defendant has been in the peaceable and undisturbed possession of the land since 1871, the date of his purchase, and that he is not even threatened with eviction.

It is therefore ordered that the judgment of the court *a qua* be affirmed with costs of appeal.